IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY KENNEY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PITTSBURGH, CHIEF OF POLICE NATHAN HARPER, OFFICER MATTHEW TURKO and OFFICER ROBERT SMITH, | ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT IN CIVIL ACTION**

### **INTRODUCTION**

1. Twenty years after Rodney King was the victim of a brutal unprovoked police beating for nothing more than a traffic violation, African-American males in the City of Pittsburgh continue to suffer the same plight at the hands of City of Pittsburgh police officers. Anthony Kenney--who supposedly committed minor traffic violations--failing to use a turn signal--not coming to a .full stop--and who did not stop his vehicle immediately when signaled to do so by an unmarked police cruiser brings this action to redress violations of his civil rights which occurred when Defendant Matthew Turko, a Pittsburgh police officer, pistol whipped him, handcuffed him, threw him to the ground, knelt on his back and beat him about the head and face with his fists. Defendant Robert Smith, also a Pittsburgh police officer, watched the beating take place, intervening only after he realized that a nearby resident was also watching. Mr. Kenney was told to go home, put ice on his wounds and not tell anyone about the assault. Pictures taken afterward show the imprint of the police officer's gun on Mr. Kenney's cheek as well as numerous other facial injuries. The unprovoked attack on Mr. Kenney violated his rights

under the fourth amendment to the United States Constitution to be free from the excessive and unreasonable use of force. This lawsuit contends that the beating inflicted upon Mr. Kenney was not an isolated incident. Instead, it is the product of policies which often single out African-American males for "driving while black" and where a culture of excessive force is not only tolerated but aided and abetted by the filing of false information, false reports, and false affidavits of probable cause. The violations of Mr. Kenney's fourth and fourteenth amendment rights are made actionable against the defendants pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

**JURISDICTION**

2.   This Court has jurisdiction over the plaintiff's claims against the above-referenced defendants pursuant to 28 U.S.C. §1343 and/or 28 U.S.C. §1331.

**PARTIES**

3.   Plaintiff Anthony Kenney is an adult individual residing in Pittsburgh, Pennsylvania.

4.   The City of Pittsburgh is a municipality within the Commonwealth of Pennsylvania, with a principal place of business located at 414 Grant Street, Pittsburgh, Pennsylvania 15219, which at all times relevant hereto, was authorized to and did operate and maintain a police department. Defendant City of Pittsburgh was acting by and through its duly authorized agents, employees and/or assigns, who were then and there acting within the course and scope of their employment and under the color of state law.

5.   Defendant Officer Matthew Turko is an adult individual residing in the City of Pittsburgh, who at all times relevant hereto, was employed as a City of Pittsburgh

police officer and who with respect to the events alleged herein, was acting under the color of state law and in accordance with the custom, practices and/or policies of the City of Pittsburgh.

6. Defendant Officer Smith is an adult individual residing in the City of Pittsburgh, who at all times relevant hereto, was employed as a City of Pittsburgh police officer and who with respect to the events alleged herein, was acting under the color of state law and in accordance with the custom, practices and/or policies of the City of Pittsburgh.  This defendant participated in the use of excessive force which defendant Turko perpetrated against Mr. Kenney as set forth herein and/or failed to intervene to stop defendant Turko's unconstitutional conduct as herein described, even though he was aware of such conduct, and had the opportunity to intervene and stop it.

7. Defendant Nathan Harper is the Chief of Police of the City of Pittsburgh Police Department.  He is sued in his individual capacity.  This defendant, at all times relevant hereto, had the day-to-day responsibility to ensure that City of Pittsburgh police officers were properly trained, supervised, and disciplined, and also, at all times relevant hereto, had knowledge, and/or was on notice, that City of Pittsburgh police officers had a custom, policy and/or practice of using excessive and unnecessary force against civilians.  Despite such knowledge, this defendant failed to take action to stop and/or curtail such conduct and/or otherwise acquiesced in such custom, practice or policy.  This defendant is also aware, and has had knowledge, of numerous past instances of City of Pittsburgh police officers that have been known not to tell the truth in the performance of their duties as police officers, including filing false reports, filing false affidavits of probable cause, and not testifying truthfully while under oath, and that such police officers continued, nevertheless, to be employed by the City of Pittsburgh.

Despite such knowledge, this defendant has not taken necessary precautions, instituted appropriate policies, and/or eliminated policies that were designed to ensure that the City of Pittsburgh Bureau of Police followed a "zero tolerance policy" towards police officers who did not tell the truth in the performance of their duties.

**FACTUAL ALLEGATIONS**

8.      On December 1, 2010, Mr. Kenney was driving his car to his aunt's house in the Perry South section of Pittsburgh's North Side.  His brother Ulysses was a passenger in his car.

9.      While driving along Federal Street, Mr. Kenney noticed an unmarked car following him close to his bumper.  Shortly after making a left hand turn onto Lafayette Street, a "cherry light" on the dashboard of the vehicle became illuminated and Mr. Kenney slowed his car.  Mr. Kenney's brother jumped from the car and ran.  Two men jumped out of the police car and began chasing him.  When no other officers exited the vehicle, Mr. Kenney assumed the car was empty and pulled his car over to the side of the road, less than three houses away.

10.     As Mr. Kenney began to exit the vehicle, Defendant Turko approached him with his gun drawn and yelled, "Where the fuck do you think you're going?" Defendant Turko then struck Mr. Kenney twice on the right side of his head/face with his gun.  Defendant Turko then handcuffed Mr. Kenney and began punching him repeatedly in the face.  Defendant Turko then dragged Mr. Kenney, still handcuffed, to the rear of his car and pushed him to the ground.  Defendant Turko knelt on Kenney's back and continued to beat him.

11. During the beating Mr. Kenney screamed and pleaded with Defendant Turko to stop punching him. Defendant Smith observed the beating, but did not intervene.

12. Mr. Kenney's screaming attracted the attention of a woman in a nearby house who went to her window to see what was going on.

13. Mr. Kenney saw the woman in the window and told Defendant Turko that his aunt was watching, although he knew that this woman was not his aunt. He hoped that if Turko thought his aunt was watching, he would stop hitting him.

14. When officer Smith saw the woman in the window he pulled Defendant Turko off of Mr. Kenney and picked Mr. Kenney up off the ground. Defendant Turko told Defendant Smith not to arrest Mr. Kenney because "look at his face. Officer Smith told Kenney to, "Go tell your aunt nothing happened." He then made Kenney give Defendant Officer Turko a "pound" (i.e. handshake.)

15. The woman who witnessed the beating testified under oath that Mr. Kenney was "…rushed to the ground." She testified that she observed a police officer strike Mr. Kenney "multiple times" and heard Mr. Kenney "begging for them to stop hitting him." She also testified that after the police saw her in the window, the beating stopped and Mr. Kenney was released.

16. At no time did the Defendants offer Mr. Kenney medical care for his injuries.

17. Mr. Kenney was not arrested at the scene.

18. Mr. Kenney drove his car home where his family, including several of his children, observed his injuries and insisted that he go to the emergency room, where he was treated for multiple facial contusions.

19. Mr. Kenney was charged with fleeing and eluding, failing to use his turn signal and failing to stop at a stop sign.

20. The severe beating described herein was not reported in the Affidavit of Probable Cause supporting the Criminal Complaint filed against Mr. Kenney. Rather, it was stated that Kenney "reported pain to his chin area where he hit the ground while being removed from the vehicle but refused medical attention." These sworn statements are entirely false.

21. At all times relevant hereto, defendant Turko did not have a reasonable basis to use force against Mr. Kenney, and any force that was used was unreasonable and/or excessive under the circumstances.

22. As a direct result of the defendants' conduct as hereinbefore described, Mr. Kenney suffered severe embarrassment, humiliation, and emotional distress.

23. As a direct result of the defendants' conduct as hereinbefore described, Mr. Kenney suffered physical injuries, including bruising, contusions and scaring.

24. The defendants' conduct as hereinbefore described violated Mr. Kenney's rights under the fourth and fourteenth amendments to the United States Constitution as made actionable against these defendants pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

WHEREFORE, Mr. Kenney requests this Honorable Court to enter judgment in his favor in a sum in excess of $50,000.00 and to award him compensatory and punitive damages against the individually named defendants and compensatory damages against the City of Pittsburgh, as well as to award him costs and attorney's fees for the prosecution of this litigation, and to award such other relief as this court deems just and equitable under the circumstances.

Respectfully submitted,

<u>/s/ Margaret W. Schuetz, Esq</u>.
Margaret W. Schuetz, Esquire
PA I.D. #200975

Law Office of Timothy P. O'Brien
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

Attorney for Plaintiff