IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANTHONY KENNEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:12-cv-551 |
| v. | ) | |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| CITY OF PITTSBURGH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | ECF No. 40 |
| | ) | |

## OPINION

LENIHAN, Chief M.J.

Currently pending before the Court in this civil rights action is the Motion for Summary Judgment (ECF No. 40) filed by Defendant, Officer Robert Smith. Plaintiff instituted this lawsuit on April 26, 2012, under 42 U.S.C. § 1983, alleging a violation of his constitutional rights under the Fourth and Fourteenth Amendments. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343. Venue lies in this district pursuant to 28 U.S.C. § 1391(b). For the reasons set forth below, the Court will deny Defendant Smith's motion for summary judgment.

I. **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Plaintiff filed this civil rights action against Defendants, the City of Pittsburgh, Nathan Harper, then Chief of Police of the City of Pittsburgh, and Officers Matthew Turko and Robert Smith. The City of Pittsburgh and Chief of Police Harper were voluntarily dismissed from this lawsuit on July 30, 2013 (ECF No. 37) pursuant to Fed. R. Civ. P. 41(1)(a)(2). Thus, the

remaining Defendants are Officers Turko and Smith, and only Officer Smith has moved for summary judgment. Discovery has closed in this matter, and Officer Smith's motion for summary judgment and opposition thereto have been fully briefed. Thus, the motion is ripe for disposition.

The following facts are not disputed. The incident giving rise to this law suit started as a traffic stop on December 1, 2010. (Def.'s CSMF[1] ¶1, ECF No. 42; Am. Compl. ¶8, ECF No. 12.) Officers Smith and Turko were driving an unmarked police vehicle and attempted to pull over the vehicle driven by Plaintiff. (Def.'s CSMF ¶1.) Plaintiff pulled over the vehicle he was driving at the intersection of Lafayette Avenue and Olive Street. (Def.'s CSMF ¶2.) Plaintiff's brother, who was a passenger, exited the vehicle at this intersection and ran down Olive Street on foot. Two officers left the unmarked police vehicle and chased after Plaintiff's brother. (*Id.*) Plaintiff then started his vehicle and pulled over farther down Lafayette when he realized there were still officers in the police vehicle. (Def.'s CSMF ¶3.) Plaintiff's vehicle was now stopped in front of a house occupied by Sahara Banks.

The parties dispute what transpired next. Officer Smith contends that Ms. Banks testified that when she looked out of the window, she saw Officer Smith in Plaintiff's vehicle performing an inventory search. (Def.'s CSMF ¶4, citing Banks Dep. at 9.) According to Officer Smith, Ms. Banks then testified that the officer standing over Plaintiff picked him up and sent him on his way (*id.* at ¶5, citing Banks Dep. at 13), and the amount of time that transpired from the time Banks first noticed the police lights outside her house until Plaintiff left was probably two minutes (*id.*, citing Banks Dep. at 14).

Plaintiff's version of the facts is as follows. As Plaintiff was exiting his vehicle upon

---

[1] "CSMF" refers to Concise Statement of Undisputed Material Facts.

Officer Turko's command, Turko pulled him from the car and hit him twice in the head with his gun. (Pl.'s Reply to Def.'s CSMF at ¶4(a), ECF No. 44 (citing Kenney Dep. at 75, 77).) Plaintiff contends that Officer Turko then pinned him to his car, placed hand cuffs on him, and hit him in the left side of his head approximately twelve times while yelling at him. (*Id.*, citing Kenney Dep. at 79-82.) Turko then pulled Plaintiff behind his car, threw him to the ground and began beating him in the head, during which Plaintiff continued to scream. (*Id.*, citing Kenney Dep. at 84-86, 89-91, 94.) Plaintiff contends that while this was going on, Officer Smith[2] watched but did not intervene. (*Id.*, citing Kenney Dep. at 83.)

With regard to the testimony of Sahara Banks, Plaintiff contends that Officer Smith omitted several material facts from his concise statement of undisputed material facts. To wit, Ms. Banks testified that she came to her front window because she heard "someone scream out in terror." (*Id.* at ¶4(b) (citing Banks. Dep. at 7-8).) When she came to the window, Banks testified she observed an officer at the rear of Kenney's car kneeling on Kenney's back punching him repeatedly in his head. (*Id.*, citing Banks. Dep. at 9-10.) Although her windows were closed at the time, Ms. Banks testified that she could distinctly hear Plaintiff saying, "Please stop hitting me." (*Id.*, citing Banks Dep. at 12, 28-29.) Ms. Banks testified that her front window is approximately 10-20 feet from where the assault took place. (*Id.*, citing Banks Dep. at 9-10.) These facts are not disputed by Officer Smith. *See* Reply to Pl.'s Reply to Def.'s CSMF at ¶4.b., ECF No. 48).

In addition, Plaintiff disputes Officer Smith's characterization of Banks' testimony to the extent it is alleged she testified that Officer Smith was "inside" of Plaintiff's car performing an

---

[2] As Officer Smith points out in his Reply to Plaintiff's Reply to Defendant's CSMF, it appears that Plaintiff mistakenly stated that it was Officer Turko who did not intervene. *See* Pl.'s Reply to Def.'s CSMF at ¶4.a., ECF No. 48.

3

inventory, and submits that Ms. Banks actually testified that while Officer Turko was beating Plaintiff, Officer Smith was "going through like the back seat and the trunk," of Plaintiff's car. (*Id.* at ¶4(c) (citing Banks. Dep. at 13).)[3]

Finally, Plaintiff disputes that the total time that transpired during Ms. Banks' observation of these events was two minutes, proffering instead that she testified that from the time she first noticed the police lights until the officers drove off was "under eight minutes." (*Id.* at ¶5 (citing Banks Dep. at 29).) Plaintiff further noted that the deposition testimony of Ms. Banks cited by Officer Smith actually states that the officers remained on the scene for approximately two minutes after Plaintiff left. (*Id.*, citing Banks Dep. at 14.)

## II. STANDARD OF REVIEW – SUMMARY JUDGMENT

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence, or the lack thereof, which demonstrates the absence of a genuine issue of material fact. *Nat'l State Bank v. Fed'l Reserve Bank of New York*, 979 F.2d 1579, 1581-82 (3d Cir. 1992) (citing *Celotex,* 477 U.S. at 323-25). Once that burden has been met, the nonmoving party may not rest on the allegations in the complaint, but must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and

---

[3] *See also* Banks Dep. at 9 ("I saw two large white males. One was looking through Mr. Kenney's car and the other one was on top of Mr. Kenney, and he was hitting him, and Mr. Kenney was begging him to top hitting him.")

4

admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e) (1963)). *See also Orsatti v. New Jersey State Police,* 71 F.3d 480, 484 (3d Cir. 1995) ("plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case.") (citing *Celotex, supra*).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). As to materiality, the Supreme Court explained: "the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248 (citing 10A C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2725, pp. 93-95 (1983)). As to whether an issue of material fact is genuine, the Court held that it will be genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. Finally, while any evidence used to support or oppose a motion for summary judgment must be admissible, it is not necessary for it to be in admissible form. *See* FED. R. CIV. P. 56(c)(2); *Celotex,* 477 U.S. at 324; *J.F. Feeser, Inc., v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990).

## III. ANALYSIS

The essence of Plaintiff's claim against Officer Smith is that he failed to intervene in the alleged use of excessive force by Officer Turko, in violation of the Fourth Amendment. In support of his motion for summary judgment, Officer Smith submits that Plaintiff must prove that he had a realistic and reasonable opportunity to intervene in the alleged use of force, citing *Smith v. Mensinger,* 293 F.3d 641, 651 (3d Cir. 2002). Officer Smith further submits that Plaintiff has failed to produce evidence that he had a reasonable and realistic opportunity to intervene beyond his own conclusory statements, and that the testimony of the only non-party witness to the incident, Sahara Banks, supports Officer Smith's position. Officer Smith argues that Ms. Banks did not indicate that he was aware of what was happening or that he was in a position to intervene, or his proximity to Plaintiff. As there is no evidence that he was aware of any alleged assault or had a reasonable opportunity to intervene, Officer Smith submits that he is entitled to judgment as a matter of law.

In opposition, Plaintiff responds that rather than support Officer Smith's position, the testimony of Sahara Banks and his own deposition testimony raises issues of fact as to whether Officer Smith was aware of the assault and whether he had a realistic and reasonable opportunity to intervene. The Court agrees with Plaintiff that factual issues exist here which preclude granting summary judgment in favor of Officer Smith.

Our court of appeals recognized in *Smith v. Mensinger* that a police officer has a duty to intervene in the following circumstances:

> [A] police officer has a duty to take reasonable steps to protect the victim from another officer's use of excessive force, even if the excessive force is employed by a superior. "If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983."

6

> *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir.1986); *accord Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir.1981); *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir.1972). However, an officer is only liable if there is a realistic and reasonable opportunity to intervene. *See Clark*, 783 F.2d at 1007 (instructing the district court upon remand to determine whether the officer was in a position to intervene); *Brishke*, 466 F.2d at 11 (liability for failure to intervene exists only if the beating occurred in the officer's presence or was otherwise within his knowledge); *Putman*, 639 F.2d at 423–24 (liability exists only if the non-intervening officer saw the beating or had time to reach the offending officer).

293 F.3d at 650-51. In determining whether Officer Smith had a reasonable opportunity to intervene in Officer Turko's alleged excessive use of force, the Court must consider "factors such as the 'temporal length of the alleged assault, the proximity of the non-intervening officer to the alleged assault, the ability of the non-intervening officer to perceive and/or hear the alleged assault,' among others." *Estep v. Mackey,* Civ. A. No. 3:11-cv-207, 2013 WL 6533350, at *6 (W.D.Pa. Dec. 13, 2013) (quoting *Armbruster v. Marguccio*, No. 3:05–cv–344, 2006 WL 3488969, at *8 (W.D.Pa. Dec.4, 2006)); *Yarnall v. Mendez,* 509 F.Supp. 2d 421, 433 (D.Del. 2007) (citing *Riley v. Newton,* 94 F.3d 632, 635 (11th Cir. 1996)) (other citation omitted). Plaintiff bears the burden of proving that a constitutional violation occurred and that the non-intervening officer had a realistic and reasonable opportunity to intervene. *McCullough v. Miller,* Civ. A. No. 06-514, 2008 WL 4361254, at *9 (W.D.Pa. Sept. 24, 2008) (citing *Fernandez v. Stack,* No. 03-4846, 2006 WL 777033, at *12 n. 8 (D.N.J. Mar. 27, 2006); *Gainor v. Douglas Cty., Ga.,* 59 F.Supp. 2d 1259, 1289 (N.D.Ga. 1998)).

Whether Officer Smith had a realistic and reasonable opportunity to intervene presents a question of fact for the jury. Ms. Banks testified that she heard Plaintiff scream "stop hitting me" repeatedly, from inside her house, approximately 10 to 20 feet away with the windows closed. Officer Smith, who was likely less than five feet away from Plaintiff, was in a position

7

to hear him screaming. Given Banks testimony that it went on for almost eight minutes, and viewing the evidence in the light most favorable to Plaintiff, the Court concludes that a reasonable jury could find that Officer Smith was in a position to hear the screams and had sufficient time to exit Kenney's vehicle and intervene. Accordingly, a material question of fact exists precluding summary judgment.

## IV. CONCLUSION

For the reasons set forth above, the Court will deny the Motion for Summary Judge (ECF No. 40) filed by Defendant, Officer Robert Smith. An appropriate order will follow.

Dated: February 26, 2014               BY THE COURT:


                                       　/s Lisa Pupo Lenihan
                                       LISA PUPO LENIHAN
                                       Chief U. S. Magistrate Judge

cc:    All Counsel of Record
       *Via Electronic Mail*